IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE MCVICKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 21-cv-70J |
| | ) District Judge Stephanie L. Haines |
| v. | ) Magistrate Judge Maureen P. Kelly |
| DR. RITA COMACHO and | ) |
| DANIEL C. VITTONE, | ) Re: ECF No. 80 |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Jamie McVicker ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), filed this *pro se* action under 42 U.S.C. § 1983 against Defendants Dr. Rita Camacho ("Dr. Camacho") and Dr. Daniel C. Vittone ("Dr. Vittone") arising out of allegations that he was denied proper medical care. ECF No. 37.

Presently before the Court is Plaintiff's Motion for Appointment of an Independent Expert. ECF No. 80.[1] Plaintiff argues that an expert could assist in helping a jury and the Court to understand the nature and cause of his medical condition; when that injury became reasonably knowable to him (for purposes of applying the statute of limitations); and that his medical providers (Dr. Vittone and Dr. Camacho) did not have the expertise to treat his condition. Id.; ECF No. 79 at 1-2.

Under Federal Rule of Evidence 706, a trial judge has "broad discretion to appoint an independent expert answerable to the court, whether *sua sponte* or on the motion of a party." Ford v. Mercer Cnty. Corr. Ctr., 171 F. App'x 416, 420 (3d Cir. 2006). The purpose of this rule is to

---

[1] Plaintiff's motion is filed at ECF No. 80. There is no brief in support, but he includes argument in support of this motion in briefing relative to his Objections to the pending Report and Recommendation on the parties' motions for summary judgment. ECF No. 79 at 1.

"promote the jury's factfinding ability," and it is appropriate in cases involving "a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." Id. (citations omitted). "A trial judge does not abuse his discretion in declining to appoint an independent expert solely to benefit a party who has otherwise failed to gather such evidence as would suffice to overcome summary judgment." Id. (citations omitted).

Upon review, the Court notes that this action has already progressed through fact discovery, and there are two pending Motions for Summary Judgment, ECF Nos. 54 and 57, which have been fully briefed. After careful review, the undersigned has issued pending Reports and Recommendation, recommending that summary judgment be granted in Dr. Camacho's favor and that Plaintiff's claims against Dr. Vittone be dismissed. ECF Nos. 73 and 74. Plaintiff has already filed Objections to the Report and Recommendation, Defendants have responded to those objections, and Plaintiff has filed a Reply. ECF Nos. 77, 78 and 79.

Because expert testimony is not necessary to resolve the pending motions, the Court finds that the appointment of an independent expert is not appropriate at this time. If Plaintiff's claims survive summary judgment, he may renew this request as appropriate.

AND NOW, this 27th day of February 2023, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Independent Expert, ECF No. 80, is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,


Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

<div style="text-align:center">
BY THE COURT:

*/s/ Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE
</div>

cc:     Jamie McVicker
        NM-1576
        SCI Houtzdale
        209 Institution Drive
        Houtzdale, PA 16698-1000

        All counsel of record via CM/ECF.