IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE MCVICKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:21-cv-70 |
| vs. ) | |
| ) | District Judge Stephanie L. Haines |
| DR. RITA COMACHO and DANIEL C. ) | Magistrate Judge Maureen P. Kelly |
| VITTONE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Jamie McVicker ("Plaintiff"), a prisoner incarcerated at SCI-Houtzdale, alleging that he was denied proper medical care. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff filed a complaint on July 27, 2021, against Comacho and PrimeCare Medical Inc. [Doc. 12]. In an amended complaint filed on December 30, 2021, Plaintiff eliminated PrimeCare as a defendant and added Vittone as a defendant [Doc. 37]. On July 11, 2022, Plaintiff filed a motion for default judgment against Vittone for failure to answer the amended complaint [Doc. 63]. On July 25, 2022, attorney Michael Hamilton filed a response in opposition to Plaintiff's motion for default judgment, avowing that Vittone had passed away on May 23, 2021, before the filing of the amended complaint [Doc. 66]. On October 18, 2022, this Court entered an order [Doc. 72] adopting Judge Kelly's recommendation [Doc. 71] that Plaintiff's motion for default judgment against Vittone be denied, as Vittone did not have the capacity to be sued and could not be properly served.

1

On November 17, 2022, Judge Kelly issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims against Defendant Vittone be dismissed [Doc. 74]. Plaintiff was notified that he had fourteen days from the date of the R&R to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. To date, Plaintiff has not filed any objections, and the time to do so has expired.

Upon review of the record and the R&R under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Kelly in this matter. Pursuant to Federal Rule of Civil Procedure 25(a)(1), if a party dies and a claim is not distinguished, the court may order substitution of the proper party. However, if a motion for substitution of party is not made within 90 days after service of a statement noting the death, the action against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1). Here, notice of Defendant Vittone's death was filed on July 25, 2022 [Doc. 66-1]. Because Plaintiff did not move to substitute a party within 90 days of that notice, Judge Kelly correctly determined that all claims against Defendant Vittone must be dismissed.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 15th day of March, 2023, for the reasons set forth in Magistrate Judge Kelly's Report and Recommendation [Doc. 74], which hereby is adopted as the opinion of the Court as supplemented herein, IT IS ORDERED that all claims asserted in the operative amended

complaint [Doc. 37] against Defendant Daniel C. Vittone hereby are dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

                                                                                      /s/ Stephanie L. Haines  
                                                                                     Stephanie L. Haines  
                                                                                     United States District Judge