IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE MCVICKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:21-70 |
| ) | Judge Stephanie L. Haines |
| DR. RITA COMACHO, *et al.*, ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

This is a civil rights action brought under 42 U.S.C. § 1983 by Jamie McVicker ("Plaintiff"), an inmate currently incarcerated at SCI-Houtzdale. Plaintiff's amended complaint asserts numerous claims under the Eighth and Fourteenth Amendments for deliberate indifference to his serious medical needs while he was incarcerated at the Somerset County Jail. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

### I. Procedural Background

Plaintiff commenced this action on July 27, 2021, by filing a complaint against Dr. Rita Comacho ("Defendant"), who is the Medical Director of the Somerset County Jail, and PrimeCare Medical Inc. [Doc. 12]. On December 30, 2021, Plaintiff filed an amended complaint eliminating PrimeCare as a defendant [Doc. 37].¹ The amended complaint asserts eights claims against Defendant for failure to provide Plaintiff with adequate medical care. Defendant filed an answer to the amended complaint on January 13, 2022 [Doc. 38], and the case proceeded thru discovery.

---

¹ Plaintiff's amended complaint also added Dr. Daniel C. Vittone as a defendant. However, Dr. Vittone predeceased the filing of the amended complaint [Doc. 66-1], and all claims asserted against him in the amended complaint since have been dismissed [Doc. 84].

1

On May 31, 2022, Plaintiff filed a motion for summary judgment [Doc. 54], to which Defendant filed a response on June 30, 2022 [Doc. 60]. Also on June 30, 2022, Defendant filed a cross-motion for summary judgment [Doc. 57]. Plaintiff filed a response in opposition to Defendant's summary judgment motion on July 27, 2022 [Doc. 67], and Defendant filed a reply to Plaintiff's response on August 5, 2022 [Doc. 69].

On November 14, 2022, Judge Kelly issued a Report and Recommendation ("R&R") [Doc. 73] recommending that Defendant's motion for summary judgment be granted, and that Plaintiff's motion for summary judgment be denied. Plaintiff was advised that he had fourteen days from the date of service of the R&R to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. After one extension of time was granted, Plaintiff timely filed objections to the R&R on January 9, 2023 [Doc. 77]. On January 23, 2023, Defendant filed a brief in opposition to Plaintiff's objections [Doc. 78], to which Plaintiff filed a response on February 15, 2023 [Doc. 79].

**II.     Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

**III.     Discussion**

**A.     Report and Recommendation**

Upon de novo review of Judge Kelly's R&R, as well as an independent review of the record, this Court will accept in whole the findings and recommendations of Judge Kelly in this matter.

Judge Kelly has recommended that summary judgment be granted in favor of Defendant on all eight claims of deliberate indifference raised by Plaintiff in the amended complaint. In making that recommendation, Judge Kelly fully presented Plaintiff's medical history, and the treatment, evaluations and medical care that he received while incarcerated at the Somerset County Jail from February 27, 2017 to August 1, 2018, both for vision loss and for his past history of non-Hodgkin's lymphoma [Doc. 73 pp. 2-7]. In light of the treatment that Plaintiff received, Judge Kelly reasonably determined that Plaintiff has failed to show any genuine issue of material fact as to any of his claims of deliberate indifference.

This Court agrees. In order to establish a violation of the constitutional right to adequate medical care, the evidence must show: (1) a serious medical need; and (2) acts or omissions that indicated a deliberate indifference to that need. *Natale v. Camden Cnty. Corr. Fac.*, 318 F.3d 575, 582 (3d Cir. 2003). As to each of Plaintiff's eight claims, Judge Kelly's R&R lays out in detail the rationale supporting her conclusion that Defendant is entitled to summary judgment, and fully explains why the record is insufficient to create a genuine issue of material fact as to the required elements of any deliberate indifference claim [Doc. 73 pp. 14-20]. This Court agrees in all respects with Judge Kelly's analysis for the reasons articulated in the R&R.

Moreover, this Court wholly concurs with Judge Kelly's determination that Defendant additionally is entitled to summary judgment on Counts I through VII of the amended complaint

3

because those claims are barred by the applicable statute of limitations [Doc. 73 pp. 20-22]. As Judge Kelly reasonably concluded, Plaintiff was on notice of his asserted injuries, and the extent of Defendant's alleged inadequate treatment, no later than August 1, 2018, when he left the Somerset County Jail. As a result, because Plaintiff's claims accrued no later than August 1, 2018, and he did not bring suit until April 15, 2021, Counts I through VII are time barred under the two-year statute of limitations applicable to those claims. *See Beckett v. Pa. Dep't of Corr.*, 597 F. App'x 665, 667 (3d Cir. 2015). Judge Kelly's conclusion that Plaintiff's reliance on the continuing violations doctrine is unavailing likewise is sound.

Accordingly, Judge Kelly's recommendation that summary judgment be granted in favor of Defendant will be adopted in whole.

**B.   Objections**

This Court has reviewed Plaintiff's multiple objections to the R&R and finds them to be unavailing. First, Plaintiff complains that the R&R refers to his injury as "chronic vision deficit" when his actual injuries are left optic nerve atrophy and diffuse retinal atrophy. The Court finds this objection to be mere semantics. The summary judgment record as outlined in the R&R establishes that while Plaintiff was incarcerated at Somerset County Jail, he received treatment for vision issues, starting with an onset of blurry vision in June 2017. He was referred to an ophthalmologist, Dr. Vittone, who diagnosed him with optic neuritis. In August of 2017, Plaintiff visited with Defendant Comacho, who noted that he was under Vittone's care for vision problems. Only after his transfer to SCI-Houtzdale was Plaintiff diagnosed with a non-arteritic ischemic optic neuropathy. Judge Kelly thoroughly set forth Plaintiff's relevant medical history and treatment relating to his vision loss, and her characterization of his injury as "chronic vision deficit" is accurate, and his subsequent diagnoses have no impact on the legal analysis of his claims.

Plaintiff's objections 2 through 5 all challenge Judge Kelly's determination that Counts I through VII are barred by the statute of limitations. Plaintiff argues that he was unaware of the actual injury that occurred until after he left the Somerset County Jail and he was seen by a specialist capable of diagnosing his "rare condition," and therefore his claims did not accrue until that actual diagnosis was made. He further argues that tolling is appropriate because he exercised reasonable diligence in determining when he suffered significant harm while under Defendant's care.

Although Plaintiff clearly disagrees with Judge Kelly's statute of limitations analysis, his objections do nothing to alter her conclusion that his claims are time-barred [Doc. 73 pp. 20-22]. Although Plaintiff may not have been aware of a specific diagnosis until he saw a specialist while incarcerated at SCI-Houtzdale, he fully was aware of his vision loss while at the Somerset County Jail, and his amended complaint even alleges that Defendant told him his vision loss was "probably permanent" in July of 2018 [Doc. 37 ¶ 61]. Accordingly, Judge Kelly's conclusion that his claims accrued no later than the date he left the Somerset County Jail is supported by the record. *See, e.g., Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (plaintiff's ignorance of full extent of injury is irrelevant to discovery rule's application); *Rodwich v. Meisel*, Civil Action No. 15-1228, 2016 WL 2643265 (W.D. Pa. May 10, 2016) (statute of limitations commences when plaintiff becomes aware of injury even when full extent of injury is not then known or predictable).

Moreover, even assuming, *arguendo*, that Counts I through VII are not time-barred, Judge Kelly also found that Defendant was entitled to judgment as a matter of law on those claims because Plaintiff has failed to show any evidence by which a reasonable juror could find that Defendant acted with deliberate indifference. Thus, even were this Court inclined to sustain Plaintiff's objections to Judge Kelly's finding that his claims are time-barred, which it is not

inclined to do, such a ruling still would not alter the conclusion that Defendant is entitled to summary judgment, because all of his claims of deliberate indifference otherwise are substantively deficient.

Plaintiff's remaining objections are without merit. Plaintiff contends that Judge Kelly incorrectly inferred that he is merely dissatisfied with his treatment, and that she improperly assumed that just because he received some treatment from Defendant, his care was constitutionally adequate.

Plaintiff's objections amount to nothing more than a disagreement with Judge Kelly's correct application of the law to the facts in this case. There is no dispute that Plaintiff received medical care and treatment while incarcerated at the Somerset County Jail, as alleged by Plaintiff himself in the amended complaint, and as meticulously outlined by Judge Kelly in the R&R. He was evaluated multiple times by Defendant, as well as by Dr. Vittone and a rheumatologist.

The applicable law in this Circuit is clear that "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Williams v. Fedarko*, 807 F. App'x 177, 180 (3d Cir. 2020) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). Thus, "deliberate indifference is generally not found when some level of medical care has been offered to the inmate." *Josey v. Beard*, No. 06-265, 2009 WL 1858250, at *6 (W.D. Pa. June 29, 2009) (citing *Clark v. Doe*, No. 99-5616, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000) ("[C]ourts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care.")). Judge Kelly properly applied that law in this case, and judiciously determined that the record evidence would be insufficient to support a jury finding that Defendant acted with deliberate indifference.

This Court concurs with Judge Kelly's determination. The gist of all of Plaintiff's claims essentially is that medical staff at the Somerset County Jail failed to diagnose a rare vision condition that subsequently was diagnosed by a specialist while he was incarcerated at SCI-Houtzdale. In essence, he is alleging that Defendant was negligent in her treatment of Plaintiff and in her failure to properly diagnose him. However, as Judge Kelly recognized, "[m][ere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation." *See Estelle v. Gamble*, 429 U.S. 97, 106(1976)). Rather, "the deliberate indifference 'test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.'" *Beckett v. Pa. Dep't of Corr.*, 597 F. App'x 665,668 (3d Cir. 2015) (quoting *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).

Judge Kelly relied on the applicable law and reasonably applied that law to the facts of this case. This Court agrees with Judge Kelly's conclusion that Plaintiff has failed to show a genuine issue of material fact by which a reasonable juror could find that Defendant acted with deliberate indifference to Plaintiff's serious medical needs. Instead, Plaintiff has asserted, and the record evidence shows, nothing more than a disagreement with what he believes was negligent treatment and a misdiagnosis of his vision problems. As Plaintiff's allegations and the record before the Court are insufficient to create a genuine issue of deliberate indifference as to any of his claims, his objections to the R&R will be overruled.

## IV.   Conclusion

As Judge Kelly reasonably found in the R&R, summary judgment in favor of Defendant Comacho is warranted on all claims asserted in the amended complaint, as Plaintiff has failed to establish a genuine issue of material fact by which a reasonable juror could conclude that

Defendant acted with deliberate indifference to any serious medical need. In addition, Judge Kelly correctly concluded that seven of Plaintiff's eight claims likewise are barred by the statute of limitations. For those reasons, and because Plaintiff has failed to raise any meritorious objections to the R&R, Judge Kelly's findings and recommendations will be adopted in whole.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 29th day of March, 2023, for the reasons set forth herein, IT IS ORDERED that Plaintiff's objections [Doc. 77] to Magistrate Judge Kelly's Report and Recommendation [Doc. 73] hereby are **overruled**; and,

IT FURTHER IS ORDERED, pursuant to Federal Rule of Civil Procedure 56(a), and for the reasons set forth in Magistrate Judge Kelly's Report and Recommendation [Doc. 73], which hereby is adopted as the opinion of the Court, as supplemented herein, that Plaintiff's motion for summary judgment [Doc. 54] hereby is **denied**; and,

IT FURTHER IS ORDERED that Defendant's motion for summary judgment [Doc. 57] hereby is **granted**. A judgment order in favor of Defendant Dr. Rita Comacho will be entered separately in accordance with Federal Rule of Civil Procedure 58(a).

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge